**Merlinda Cortan BENT, Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 07–72307.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Christopher J. Stender, Esq., Stender & Pope, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Stuart S. Nickum, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

### MEMORANDUM **

Merlinda Cortan Bent, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's finding of removability, *Nakamoto v. Ashcroft,* 363 F.3d 874, 882 (9th Cir.2004), and we review de novo questions of law, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Bent was removable for alien smuggling where the record establishes that Bent knew of her boyfriend's alien status, attempted to drive him across the border into the United States, and provided him with her son's birth certificate to facilitate his entry. *See Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 748–49 (9th Cir.2007) (substantial evidence supported conclusion that petitioner engaged in alien smuggling where he knowingly provided an affirmative act of assistance to brother's effort to enter the United States illegally); *cf. Altamirano v. Gonzales,* 427 F.3d 586, 595 (9th Cir.2005).

We reject Bent's contention that the IJ relied on improper evidence in reaching her decision. The record reflects that Bent withdrew her objection to the IJ's admission into evidence of Hector Serna–Sandoval's sworn statement, and the IJ's decision did not rely upon Serna–Sandoval's other statements. *See Gu v. Gon-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*zales,* 454 F.3d 1014, 1021 (9th Cir.2006) (hearsay evidence is admissible in immigration proceedings if it is probative and its admission is fundamentally fair).

**PETITION FOR REVIEW DENIED.**